UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

DWAYNE MASON,

Plaintiff,

-against-

CITY OF NEW YORK, CORTNEY ALLEN, Individually,
FLAVIO RODRIGUEZ, Individually, BRIAN RAMIREZ,
Individually, CHRISTOPHER A. HAGER, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

13 CV 7139 (PKC)

<u>Jury Trial Demanded</u>

Plaintiff DWAYNE MASON, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

<u>**JURISDICTION**</u>

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.   Plaintiff asserts

supplemental state law claims pursuant to common law and the New York State Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff DWAYNE MASON is a twenty-seven year old African American man residing in New York, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, CORTNEY ALLEN, FLAVIO RODRIGUEZ, BRIAN RAMIREZ, CHRISTOPHER A. HAGER, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On July 11, 2012, at approximately 11:30 p.m., plaintiff was lawfully present at the corner of 113th Street and Lenox Avenue, in Manhattan.

13.     Plaintiff observed NYPD officers assaulting two civilians.

14.     Plaintiff was neither engaged in any unlawful activity nor was he involved in the interaction between said officers and civilians.

15.     Notwithstanding the fact that plaintiff was merely present in the vicinity of the above mentioned assault, defendant officers approached plaintiff. Plaintiff was grabbed, thrown to the ground on his stomach, and then rear handcuffed by defendant NYPD officers including COURTNEY ALLEN, FLAVIO RODRIGUEZ, BRIAN RAMIREZ, and CHRISTOPHER A. HAGER.

16.     While plaintiff was laying stomach down on the ground with his hands handcuffed behind his back, a defendant NYPD officer, believed to be defendant FLAVIO RODRIGUEZ, an NYPD sergeant, brutally kicked plaintiff in his right eye.

17.     After falsely arresting and beating Mr. Mason, the defendant officers placed him in a police vehicle, and then transported him to the NYPD 28th police precinct, rather than obtaining prompt medical attention for the serious injuries they just inflicted on him.

18.     The defendant officers imprisoned plaintiff at the 28th precinct for approximately one hour before finally facilitating his transport to Harlem Hospital Center for treatment after

3

plaintiff's repeated requests for medical attention.

19.     At Harlem Hospital Center, plaintiff was diagnosed with serious injuries including, but not limited to, a fractured right orbital floor with five millimeter inferior displacement of the medial fracture fragment, fracture of the mid-portion of the right lamina papyracea, probable non-displaced fractures of the medial wall of the right maxillary sinus, the floor of the posterior right ethmoid sinus, and the posterior wall of the left maxillary sinus, as well as a hematoma in the right maxillary sinus, as well as a subconjuctival hemorrhage, chemosis, increased fluid levels in his sinuses, swelling and extreme pain.  Plaintiff also suffered abrasions, pain, and swelling to his left wrist.

20.     Plaintiff remained at Harlem Hospital Center until approximately 9:30 a.m. on July 12, 2012.

21.     Plaintiff was thereafter transported back to the 28th precinct, where he remained in police custody for several more hours, until he was transported to central booking in the afternoon of July 12, 2012.

22.     The defendant officers continued to unlawfully imprison plaintiff until July 13, 2012, at approximately 12:00 p.m., when he was arraigned on false and manufactured charges of obstruction of governmental administration and resisting arrest, filed under Docket No. 2012NY053946; said charges having been filed based on the false and manufactured allegations of defendants ALLEN and RODRIGUEZ.  The defendants fabricated evidence used to prosecute plaintiff, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of brutality and abuse of authority.

23.     On January 29, 2013, the charges filed against plaintiff were adjourned in

4

contemplation of dismissal. They were thereafter dismissed and sealed.

24.     As a result of the serious injuries inflicted upon him by the defendant officers, plaintiff required, among other treatment, surgical repair of the right orbital floor fracture with freeing of entrapped tissues, reconstruction of the right lateral canthus, and orbital floor fracture repair with an implant. As a result of said trauma, plaintiff has been diagnosed with severe anatomical and functional damage to his right orbit, right globe, visual apparatus and right inferior rectus muscle, right infraorbital nerve, paranasal sinuses and brain. The assault has left him with severe impairment of visual, sensory, vestibulo-acoustic, cognitive, oculomotor nociceptive and psychological functions, and is the competent producing cause of plaintiff's post-traumatic headache disorder and post-traumatic stress disorder, as well as facial dysmorphism and right eye proptosis.

25.     The defendant NYPD officers ALLEN, RODRIGUEZ, RAMIREZ, HAGER, and JOHN and JANE DOE 1 through 10, participated in, were present, or were otherwise aware of the incident and failed to intervene in the illegal conduct described herein.

26.     Defendant RODRIGUEZ, who holds the rank of sergeant, supervised defendants ALLEN, RAMIREZ, HAGER, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the use of excessive force against plaintiff, and the arrest and malicious issuance of process to plaintiff.

27.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, due to discrimination against plaintiff based on his race, and pursuant to *de facto* policies, customs or practices of falsification and using force to "show who's boss", and pursuant to a culture of covering up,

commonly referred to as the "blue wall of silence," that includes, but is not limited to, the failure to notify the NYPD Internal Affairs Bureau of injuries sustained by prisoners in custody and/or lying to cover up acts of misconduct and/or brutality.

28.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, its internal monitoring records, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force; improperly abuse their authority to arrest individuals and commit perjury, manufacture evidence, and engage in a practice of falsification; and disproportionately detain, arrest, and subject individuals to force, including unnecessary head strikes, due to discrimination against them based on their race and/or nationality and/or for other collateral objectives; and that they engage in force pursuant to a custom or practice of showing who's boss and covering up abuse pursuant to the "blue wall of silence."

29.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

30.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31.     As a result of the foregoing, plaintiff DWAYNE MASON sustained, *inter alia*,

physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34.     All of the aforementioned acts deprived plaintiff DWAYNE MASON, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.     Defendants arrested plaintiff DWAYNE MASON without probable cause,

causing him to be detained against his will for an extended period of time and subjected to physical restraints.

39.    Defendants caused plaintiff DWAYNE MASON to be falsely arrested and unlawfully imprisoned.

40.    As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

41.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff DWAYNE MASON'S constitutional rights.

43.    As a result of the aforementioned conduct of defendants, plaintiff DWAYNE MASON was subjected to excessive force and sustained physical injuries.

44.    As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

45.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

8

46.     Defendants created false evidence against plaintiff DWAYNE MASON.

47.     Defendants utilized this false evidence against plaintiff DWAYNE MASON in legal proceedings.

48.     As a result of defendants' creation and use of false evidence, plaintiff DWAYNE MASON suffered a violation of his constitutional rights to a fair trial as guaranteed by the United States Constitution.

49.     As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants maliciously issued criminal process against plaintiff DWAYNE MASON by causing him to appear in New York County Criminal Court to answer criminal charges.

52.     Defendants caused plaintiff DWAYNE MASON to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, including, without limitation, to cover up their acts of brutality and abuse of authority.

53.     As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

9

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The defendants seized, assaulted, battered detained, arrested and imprisoned plaintiff DWAYNE MASON, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

56.     As a result of the foregoing, plaintiff DWAYNE MASON was deprived of his rights under the Equal Protection Clause of the United States Constitution.

57.     As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants had an affirmative duty to intervene on behalf of plaintiff DWAYNE MASON, whose constitutional rights were being violated in their presence by other officers.

60.     The defendants failed to intervene to prevent the unlawful conduct described herein.

61.     As a result of the foregoing, plaintiff DWAYNE MASON was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of his

10

safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained without probable cause.

62.     As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     The supervisory defendants personally caused plaintiff DWAYNE MASON'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65.     As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

11

68.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, falsely arresting individuals and then committing perjury and/or manufacturing evidence in an effort to convict such individuals and/or to otherwise cover up acts of misconduct and/or brutality, engaging in falsification, and disproportionately detaining, assaulting, and arresting individuals due to discrimination against them based on their race and/or nationality.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff DWAYNE MASON'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DWAYNE MASON.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DWAYNE MASON as alleged herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DWAYNE MASON as alleged herein.

72.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DWAYNE

MASON was seized, subjected to excessive force, falsely arrested and imprisoned.

73.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DWAYNE MASON'S constitutional rights.

74.     All of the foregoing acts by defendants deprived plaintiff DWAYNE MASON of federally protected rights, including, but not limited to, the right:

    A.     Not to be deprived of liberty without due process of law;

    B.     To be free from the use of excessive force and/or the failure to intervene;

    C.     To be free from seizure and arrest not based upon probable cause;

    D.     To be free from malicious abuse of process;

    E.     To be free from infringement on the right to a fair trial and to be free from falsification of evidence by law enforcement officers;

    F.     To be free from false imprisonment/arrest; and

    G.     To receive equal protection under law.

75.     As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts

and information required under the General Municipal Law 50-e.

78.   The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79.   This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80.   Plaintiff has complied with all conditions precedent to maintaining the instant action.

81.   This action falls within one or more of the exceptions outlined in C.P.L.R. 1602.

**AS AND FOR A NINTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

82.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.   Defendants arrested plaintiff without probable cause.

84.   Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

85.   As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

86.   As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

87.   As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

14

attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     As a result of the foregoing, plaintiff DWAYNE MASON was placed in apprehension of imminent harmful and offensive bodily contact.

90.     As a result of defendants' conduct, plaintiff DWAYNE MASON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.     As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Defendants made offensive contact with plaintiff without privilege or consent.

94.     As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

95.     As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN TWELFTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

96.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Defendants issued criminal process against plaintiff by causing him to be arrested, and requiring his appearance in New York County Criminal Court.

98.     Defendants compelled plaintiff's appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

99.     As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

100.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

102.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

103.     The aforementioned conduct was committed by defendants while acting in

16

furtherance of their employment by defendant CITY OF NEW YORK.

104.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

105.   As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

106.   As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

107.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.   Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the use of excessive force against and arrest of plaintiff.

109.   Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

110.   As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

111.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of and excessive use of force against plaintiff.

113.    As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

114.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

116.    As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

117.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

119.   As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

120.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.   As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

122.   As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

123.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.   As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

As a result of the foregoing, plaintiff DWAYNE MASON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

20

**WHEREFORE**, plaintiff DWAYNE MASON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined

by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 23, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff DWAYNE MASON
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

DWAYNE MASON,

                                       Plaintiff,

        -against-

CITY OF NEW YORK, CORTNEY ALLEN, Individually,
FLAVIO RODRIGUEZ, Individually, BRIAN RAMIREZ,
Individually, CHRISTOPHER A. HAGER, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                       Defendants.

                                  13 CV 7139 (PKC)

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100